UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
LABORERS PENSION TRUST FUND - DETROIT & VICINITY;
LABORERS VACATION & HOLIDAY TRUST FUND - DETROIT &
VICINITY; LABORERS METROPOLITAN DETROIT HEALTH & WELFARE
FUND; and the MICHIGAN LABORERS TRAINING FUND, trust funds
established under, and administered pursuant to, federal law,

    Plaintiffs,

v.

MRT ENVIRONMENTAL, INC. and
GLOBAL GREEN SERVICE GROUP, LLC, alter egos,

    Defendants.
_____/

## COMPLAINT

The above-named plaintiffs, by their attorneys, complaining against the above-named defendants, respectfully show unto this Court as follows:

1. Plaintiffs are the Trustees for trust funds established under, and administered pursuant to, Section 302 of the Labor-Management Relations Act of 1947, as amended (hereinafter "LMRA"), 29 U.S.C. §186, and the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §§1001, *et seq*, with principal offices located in this judicial district.

1

2. Defendants MRT Environmental, Inc. ("MRT") and Global Green Service Group, LLC ("Global"), alter egos, do business in the building and construction industry, an industry affecting commerce within the meaning of the LMRA and 29 USC §1002(5) and (12), and their principal place of business is located within this judicial district.

3. Both defendants have the same owner and resident agent, Clayton Robinson. They are located at the same address, 27111 Powers, in Dearborn Heights, Michigan. They are engaged in the same business of environmental cleanup. They share the same employee work force. Global provides virtually all of MRT's operating income and furnishes MRT with its materials, equipment, and supplies.

4. The defendants were, and at all times material herein have been, affiliated business enterprises with common ownership, common management, common equipment and other assets, and common employees, and thus constitute a single integrated business enterprise, single employer, or alter ego, each defendant being merely another face of the other, and none of the defendants having any life of their own. (The defendants collectively are hereinafter referred to as "the employer" or "the defendant".)

5. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 U.S.C. §185, and Sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C.

§§1132(a)(3), 1132(g)(2) and 1145, respectively, this being a suit for breach of the fringe benefit provisions of collective bargaining agreements ("CBAs") which the defendant, as employer, entered into with Local Unions 1076 and/or 1191 of the Laborers International Union of North America, AFL-CIO (hereinafter collectively the "Laborers Union"), labor organizations representing employees in a industry affecting commerce, with principal offices located in this judicial district.

6. Venue of the United States District Court for the Eastern District of Michigan, Southern Division, is appropriate pursuant to Section 502(e)(2) of ERISA, 29 USC §1132 (e)(2), the district in which plaintiffs are administered.

7. Pursuant to the aforementioned collective bargaining agreements, copies of which are in its possession, defendant was obligated to make contributions for fringe benefits (e.g., pension, vacation and holiday, annuity and health and welfare [medical care] benefits) and deductions for dues, for, or with respect to work performed by, those of its employees who were in the bargaining units represented by the Laborers Union, which contributions should have been paid directly to the plaintiffs.

8. Defendant is also bound by the applicable trust agreements incorporated by reference in said collective bargaining agreements.

9.      Pursuant to the fringe benefit provisions of the aforementioned collective bargaining agreements and the incorporated trust documents, plaintiffs are entitled to audit the books and records of defendant to verify the accuracy of the contributions made to the plaintiffs pursuant to the agreements as well as to determine the amount of any deficiency.

10.     Despite demand, defendant has failed to produce all of the books and records plaintiffs have requested to conduct an audit for the period from the work month of April, 2017 through present.

11.     The amount of defendant's indebtedness, if any, for the audit period is unknown and cannot be ascertained until it submits its books and records for an updated audit.

WHEREFORE Plaintiffs pray that this Court enter judgment in their favor:

A.      Adjudicating that the defendants are alter egos and are contractually obligated to plaintiffs pursuant to the collective bargaining agreements entered into with the Laborers Union;

B.      Ordering defendants to specifically perform according to the provisions of such collective bargaining agreements;

C. Ordering defendants to submit to the Funds any and all books and records (without any limitation whatsoever) needed by the Funds to determine the amount of their indebtedness for the period requested;

D. Awarding the Funds all amounts such audit reveals as owed by defendants to the Funds, including delinquent contributions and liquidated damages;

E. Awarding the Funds all costs, interest, and attorneys' fees incurred in bringing and prosecuting this present action pursuant to Section 502(g)(2) of ERISA, 29 USC §1132(g)(2) and Section 301 of the Labor-Management Relations Act, of 1947, as amended ("LMRA"), 29 U.S.C. §185; and

F. Granting the Funds any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

    Respectfully submitted,

    WATKINS, PAWLICK, CALATI, & PRIFTI, PC

    By:   s/George H. Kruszewski
           GEORGE H. KRUSZEWSKI
           Attorneys for Plaintiffs
           1423 E. Twelve Mile Road
           Madison Heights, Michigan 48071
           Telephone (248) 658-0800
           Email: Gkruszewski@wpcplaw.com
           (P-25857)

March 11, 2020